UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.;<br><br>Plaintiffs,<br><br>v.<br><br>FISCH ENTERPRISE INC., SAMUEL FISCH, O&S DEALS INC., AND OZER SENDEROWITZ,<br><br>Defendants. | Case No. 7:24-cv-07677-KMK<br><br>[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS   KMK |

Before the Court is Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax") Order to Show Cause for a Permanent Injunction and Default Judgment against Defendants Fisch Enterprise Inc., O&S Deals Inc., and Ozer Senderowitz ("Defendants"). For the reasons stated below, and good cause having been shown, judgment by default is hereby entered against Defendants pursuant to Local Rule 55.2(b) and Federal Rule of Civil Procedure 55(b), and a Permanent Injunction is granted.

## I. BACKGROUND

1. On October 9, 2024, Nutramax filed its complaint. ECF No. 1.

2. On October 10, 2024, the summonses issued. ECF Nos. 4-7

3. On October 28, 2024, Nutramax accomplished service on Fisch Enterprise Inc. and O&S Deals Inc. via service on the Secretary of the State of New York. ECF Nos. 14-15.

4. On November 22, 2024, Nutramax accomplished service on Ozer Senderowitz by nail and mail service at 21 Bartlett Road, Monsey, NY 10952 after multiple attempts at personal service. ECF No. 16.

1

5. On June 6, 2025, Nutramax filed the necessary documents to seek clerk's certificates of default as to all Defendants. ECF Nos. 28-32.

6. There has not been an answer or appearance from any of the Defendants.

7. On June 9, 2025, the Clerk of the Court entered the requested defaults against all Defendants. ECF Nos. 33-35.

8. On August 13, 2025, Nutramax filed its (a) Order to Show Cause for Default Judgment and a Permanent Injunction Against Defendants and a proposed Order; (b) Statement of Damages; (c) Declaration affirming (i) why the default judgment is appropriate, (ii) whether default judgment can be ordered on liability and/or damages prior to resolution of the entire action, (iii) the proposed damages and each element thereof, and (iv) legal authority why an inquest is unnecessary; (d) copies of all pleadings; (e) the affidavit of service of the summons and complaint; and (f) the Clerks certification that no answer has been filed.

## II. COMPLAINT ALLEGATIONS AND DEFAULT

9. The Complaint seeks relief for (1) trademark infringement in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)); (2) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (3) tortious interference with a contract under New York common law.

10. The Court possesses jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, and 1338 because this action arises under the Lanham Act (15 U.S.C. §§ 1051 et seq)

11. This Court has supplemental jurisdiction over Nutramax's New York common law claim pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have engaged and continue to engage in tortious and unlawful conduct in this judicial district by advertising, offering to sell and/or selling unauthorized and infringing Nutramax products.

13. Nutramax's complaint sufficiently pled all elements of its claims.

14. Under Local Rule 55.2(b) and Federal Rule of Civil Procedure (55)(b), the Court takes as true the allegations of the Complaint.

15. The Court hereby enters default judgment against Defendants on all Counts pursuant to Local Civil Rule 55.2(b) and Federal Rule of Civil Procedure 55(b), and orders the relief set forth below.

16. Local Civil Rule 55.2(b) and Federal Rule of Civil Procedure 55(b) authorize Plaintiff to seek, and the Court to enter, default judgment against a party who has failed to plead or otherwise defend an action.

### III.   RELIEF GRANTED

17. ***IT IS HEREBY ORDERED*** that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are PERMANENTLY ENJOINED from:

    a. using the NUTRAMAX LABORATORIES and DASUQUIN marks (or any of Nutramax's other trademarks) or colorable imitations thereof in connection with the distribution, marketing, advertising, or sale of any Nutramax product that Nutramax has not authorized to be sold to or by Defendants;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Nutramax product that has not been produced, distributed, or sold under

3

the authorization, control, or supervision of Nutramax and approved by Nutramax for sale to or by Defendants;

c. shipping, delivering, transferring, moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Nutramax to be sold to or by Defendants; and

d. otherwise competing unfairly with Nutramax in any manner.

18. ***IT IS HEREBY ORDERED*** that those in privity with Defendants, and those with actual notice of the injunction outlined above – including any online retailers, social media platforms, internet search engines, and email service providers for Defendants – shall:

a. permanently remove all of Defendants' product listings for any Nutramax products (including, but not limited to, Dasuquin® products), and thereafter prohibit Defendants from ever re-listing or offering for sale any Nutramax products;

b. permanently remove any and all advertisements used by or associated with Defendants in connection with the sale of any Nutramax products; and

c. deliver to Nutramax or destroy, at Nutramax's discretion, all Nutramax products in Defendants' possession or held on behalf of Defendants.

\* \* \*

There being no just reason for delay, the Clerk of the Court is hereby instructed to enter this Order and Judgment by Default Against Defendants forthwith and without further notice.

SO ORDERED, this 6th day of October, 2025.

_____
HON. KENNETH M. KARAS
United States District Court Judge